# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-150
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *

ROBERT KERN,               *

                       *              Chief Special Master Corcoran

          Petitioner,     *

                       *              Dated: December 9, 2020

v.                       *

                       *

                       *              Attorney's Fees and Costs.

                       *

SECRETARY OF HEALTH AND    *

HUMAN SERVICES,         *

                       *

          Respondent.     *

                       *

* * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On February 1, 2016, Robert Kern filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] alleging that the influenza ("flu") vaccine he received on November 12, 2014, caused him to experience Guillain-Barré syndrome ("GBS"). On August 10, 2020, just a few days after the case was transferred to me, a status conference was held to discuss how the parties wished to proceed with the matter. Petitioner's counsel indicated at this time that Mr. Kern had died due to causes unrelated to his alleged injury.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Counsel stated that he would be speaking with the administrators of Mr. Kern's estate to determine whether they wished to move forward with the claim.

On August 31, 2020, Petitioner's counsel filed a status report confirming that Mr. Kern's estate did not wish to proceed with the prosecution of the claim, and a motion to dismiss was forthcoming. Status Report, filed Aug. 31, 2020 (ECF No. 53). On September 11, 2020, Petitioner's counsel filed an unopposed Motion to Dismiss (ECF No. 54), which I granted on September 11, 2020. Decision, filed Sept. 11, 2020 (ECF No. 55)

Petitioner has now filed a motion for a final award of attorney's fees and costs for all work performed on the matter since its inception. Motion, filed Oct. 22, 2020 (ECF No. 59) ("Mot."). Petitioner requests a final award of $33,862.70—$19,874.80 in attorney's fees, plus $13,987.90 in costs—for the work of Mr. Max Muller, Esq. and the supportive work of two paralegals. Mot. at 1–2. The costs requested include costs for medical record retrieval, expert fees, and court filings. *Id.* Respondent reacted to the fees request on October 26, 2020. *See* Response, dated Oct. 26, 2020 (ECF No. 60). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, and otherwise defers to my discretion in calculating the amount to be awarded. *Id.* at 2–3.

**ANALYSIS**

I.      **Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs to an unsuccessful petitioner if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020).

In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's

opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3] The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017).

My review of the file in this matter persuades me that Petitioner's claim had sufficient objective basis to entitle him to a fees and costs award, despite the case's dismissal. Petitioner's good faith arguments were backed by many solid items of proof, and there was objective support in the record for core matters like proof of vaccination and the nature of Petitioner's injury. Petitioner was able to offer an expert opinion and some other proof in support of the claim, including record proof of treaters associating Petitioner's GBS with the flu vaccine because of the temporal relationship between the two. Respondent for his part does not otherwise contest reasonable basis. Accordingly, a final award of fees and costs in this matter is appropriate.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|---|---|
| **Mr. Max Muller (Attorney)** | $255 | $275 | $300 | $317 | $325 | $350 |
| **Ms. Maria Loecker (Paralegal)** | $125 | $125 | $125 | $125 | - | - |
| **Ms. Tereza Pavlacsek (Paralegal)** | - | - | - | - | $140 | $140 |

The attorneys from Muller Brazil (who practice in Philadelphia, Pennsylvania) have repeatedly been found to be "in forum," and are therefore entitled to the rates established in *McCulloch*. The rates requested for Mr. Muller (as well as the paralegal work performed in this case) are also consistent with what they have previously been awarded in accordance with the Office of Special Masters' fee schedule[4]. *See, e.g.*, *Hlad v. Sec'y of Health & Hum. Servs.*, No. 17-1818V, 2020 WL 3620224, at *2 (Fed. Cl. Spec. Mstr. June 22, 2020). I find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and therefore award fees for all work performed on the case as requested in the fees application.

### III.    Calculation of Attorney Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Dec. 8, 2020).

Petitioner seeks $13,987.90 in costs incurred since the claim's filing, including medical record retrieval, and filing fees. Fees App. at 11. Such costs are typical in Program cases. Petitioner also seeks reimbursement of expert fees for work performed by Dr. Lawrence Steinman, at a rate of $500 per hour. *Id.* at 11, 16. This rate is consistent with what has previously been awarded for Dr. Steinman's services in past Program cases, and I find the rate reasonable in light of his contributions to this matter. *See, e.g.*, *Samuels v. Sec'y of Health & Hum. Servs.*, No. 17-71V, 2020 WL 6395508, at *3 (Fed. Cl. Spec. Mstr. Sept. 25, 2020). I also find that the number of hours expended in this matter by Dr. Steinman was reasonable, and Respondent does not otherwise dispute the reasonableness of Petitioner's request. Thus, I award Petitioner's requested amount of $13,987.90 for attorney's costs in full.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of $33,862.70, reflecting $19,874.80 in attorney's fees and $13,987.90 in costs, in the form of a check made jointly payable to Petitioner and his attorney Mr. Maximillian Muller.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.